IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00098-01-CR-W-FJG |
| | ) | |
| ANTHONY C. DELONEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On April 20, 2011, the Grand Jury returned a one count indictment against defendant Anthony Deloney charging defendant with possessing in and affecting commerce firearms which had been transported in interstate commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On April 29, 2011, counsel for the defendant filed a motion pursuant to 18 U.S.C. § 4241 asking for a determination of defendant's mental competency. (Doc. # 16) The Court committed the defendant to the custody of the Attorney General for placement in a suitable facility to undergo the requested examination. (Doc. # 19)

A hearing was held on July 13, 2011, on the defendant's motion to determine mental competency. Defendant appeared with counsel Steve Moss. The government was represented by Paul Becker. The only evidence presented at the hearing was the Forensic Report prepared by Dr. David E. Morrow of the Federal Detention Center at Englewood, Colorado. Defendant's Axis I diagnosis, according to the diagnostic criteria, is Rule Out Schizophrenia, Paranoid Type and Substance Abuse by History. Dr. Morrow indicated that the term "rule out" was used to indicate there is some evidence for considering this diagnosis, but not enough to definitely confirm or exclude the diagnosis. (Forensic Report at 7) Ultimately, Dr. Morrow concluded that although the

defendant was not

> overtly delusional or experiencing hallucinations, his thought process still appeared to be impaired. He expressed confusion over key aspects of his case, and could not present a clear understanding of the few legal concepts and procedures he was willing to discuss. He did not believe his thinking was impaired and is likely to continue wanting to pursue legal strategies, against his attorney's advice, which may well prove to be detrimental to him. He may well benefit from a period of restoration during which he can be stabilized on an appropriate medication regime.

(Forensic Report at 10) Based upon the testing and evaluations described in the report, Dr. Morrow concluded that "Mr. Deloney **is** currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." (Forensic Report at 10). In accordance with the evidence presented at the hearing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Anthony Deloney is incompetent in that he is presently suffering from a mental disease or defect rendering him unable to unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. It is further

RECOMMENDED that the Court commit defendant Deloney to the custody of the Attorney General pursuant to 18 U.S.C. §4241(d)(1). The Attorney General shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Deloney will attain the capacity to permit the trial to proceed.

Counsel are reminded they have ten days from the date of receipt of a copy of this Report

and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

/s/ Sarah W. Hays
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE